UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DERRICK L. NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-295 |
| ) | |
| WASTE MANAGEMENT LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Waste Management, LLC removed this case from the State Court of Chatham County, Georgia. *See* doc. 1. The Complaint filed in the State Court by *pro se* plaintiff Derrick L. Nicholson is, to say the least, confusing. *See* doc. 1-1 at 4-11. Defendant requested additional time to respond to that pleading because, among other reasons, its "claims. . . are asserted in narrative form (without paragraph numbers) and, respectfully, are often difficult to fully comprehend . . . ." Doc. 5 at 2. The Court granted Defendant's request. Doc. 6. Plaintiff has now filed a "Motion to Dismiss" the extension request, doc. 7, and a "Motion

for Summary Judgment," doc. 8. Since neither document requests available relief, they are both **DISMISSED**. Docs. 7 & 8.

Nicholson's "Motion to Dismiss Defendants Motion to Extend Time for Defendant to Responded [sic] to Plaintiff['s] Complaint" is moot. Doc. 7. The Court has already granted Defendant's extension request, because the Court was satisfied that it established sufficient cause to merit the brief extension, despite Plaintiff's reported opposition. *See* doc. 6 at 1-2 (citing Fed. R. Civ. P. 6(b)(1)(A)). Plaintiff responds by suggesting that Defendant is "pull[ing] screens for [him] to be [incarcerated] so [he] will miss [his] 2-year deadline to file [his] case against [it]." Doc. 7 at 1. He then proceeds to discuss what appear to be issues related to the merits of his underlying claim. *Id.* He requests that "the judge . . . deny the motion and to make the defendants [sic] bring forth the evidence [he] asked for." *Id.*

It is unclear why an extension of Defendant's deadline to file a responsive pleading might impact the statute of limitations, given that it could not affect the filing date of Nicholson's Complaint. Moreover, since the Court has already granted the requested extension, his Motion seeking its "dismissal" is moot. Moreover, the additional fourteen days

provided for Defendant to respond does not in any way eliminate that obligation. *See, e.g.,* doc. 6 at 2 (directing Defendant "to file its answer or otherwise respond to Plaintiff's Complaint no later than October 25, 2023."). Finally, to the extent that the Motion was intended to seek reconsideration of the Court's prior Order, it is insufficient. *See, e.g., Ellison v. Unknown*, 2023 WL 5962098, at *1 (S.D. Ga. Sept. 13, 2023) ("Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." (internal quotation marks and citation omitted)). Since Nicholson's "Motion to Dismiss" does not seek any available relief it is **DISMISSED**. Doc. 7.

Nicholson has also filed a document titled "Motion for Summary Judgment," that requires the Court's attention. *See* doc. 8. The Federal Rules provide that a motion for summary judgment is appropriate "if the movant shows that there is <u>no dispute</u> of any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). The document that Nicholson has filed is not plausibly a proper motion for summary judgment. First, it does not comply with any of the formal requirements for such motions under the Federal Rules or this Court's Local Rules. *See* Fed. R. Civ. P. 56(c)(1); S.D. Ga. L. Civ.

R. 56.1. Substantively, the document filed does not even purport to assert that "there is no dispute of material fact," concerning Nicholson's claims. It simply recites his version of the facts, without any citation to any evidence at all. *See* doc. 8 at 1-3. It does, to be sure, attach a considerable quantity of exhibits. *See* doc. 8 at 4-6; doc. 8-1. Even if the Court ignored the document's formal defects, the lack of specific citations to evidence of record renders it inadequate. *See* Fed. R. Civ. P. 56(c)(3); *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 463 F.3d 1201, 1208 n. 11 (11th Cir. 2006) (courts do not have "an obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention."). The document Nicholson has filed is, therefore, **DISMISSED** as procedurally improper. Doc. 8.

Given Plaintiff's filings, the Court must remind him that his *pro se* status does not exempt him from the requirement to conduct this litigation in compliance with the Federal Rules of Civil Procedure and applicable law.[1] *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

---

[1] Nicholson is advised that the Federal Rules of Civil Procedure may be accessed, free of charge, through the United States Court's website, at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. This Court's Local Rules are available on its website at https://www.gasd.uscourts.gov/civil-cases-local-rules.

1989) ("[O]nce a *pro se* . . . litigant is in court, [she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Sanctions, including dismissal, may be imposed against plaintiffs who fail to follow the rules. *See, e.g., Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015). Plaintiff is advised that further filings that disregard the applicable Rules may subject him to such sanction.

    **SO ORDERED**, this 20th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA