# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DERRICK L. NICHOLSON,      )
                          )
           Plaintiff,      )
                          )
v.                     )          CV423-295
                          )
WASTE MANAGEMENT LLC,   )
                          )
           Defendant.    )

# <u>ORDER</u>

The Court previously stayed this case pending disposition of Defendant's Motion to Dismiss. *See* doc. 28 at 4-5. Pursuant to the Court's Order, the "stay does not prohibit any filing, but responses to filings made during the stay will not be required except upon an Order of the Court directing a response." *Id. Pro se* plaintiff Derrick L. Nicholson has, however, filed several motions that require the Court's attention. First, Plaintiff has requested specific discovery. *See* doc. 32. As explained in the Court's prior Order, discovery in this case is stayed. *See* doc. 28 at 3-5. Absent specific reasons related to Defendant's Motion to Dismiss, the Court has determined that discovery is inappropriate prior to the resolution of that Motion. Since Nicholson's instant Motion does

not identify any specific reason why the requested discovery should not be subject to the stay, it is **DENIED**.   Doc. 32.   The Court has also previously addressed Nicholson's requests to "appear remotely."  Doc. 33; *see* doc. 31.   For the reasons explained in that Order, his Motion is **DISMISSED** as moot.  Doc. 33.

Nicholson has also filed a Motion seeking to lift the discovery stay. *See* doc. 38.   That Motion merely asserts Nicholson's belief that Defendant has "had enough time to prepare the discovery that the plaintiff has asked for."  Doc. 38 at 1.   He reiterates his contentions concerning the merits of his claims.   *Id.*   He does not even mention the pending Motion to Dismiss or the reasons the Court articulated for imposing the stay in the first place.  *See generally id.*  Since he provides no argument that alters the prior analysis, for the reasons explained in the Court's prior Order, doc. 28 at 3-5, Nicholson's Motion is **DENIED**. Doc. 38.

Nicholson's most recent filings only bolster the Court's conclusion that the stay remains appropriate.  First, Nicholson filed what purports to be an Amended Complaint.  *See* doc. 39.  However, that pleading is not properly filed.   The Federal Rules permit a plaintiff to amend his

complaint "once as a matter of course," by the earlier of 21 days of serving it on a defendant or within 21 days after a responsive pleading is filed. *See* Fed. R. Civ. P. 15(a)(1).  All other amendments require the Court's permission or the other party's written consent.  *See* Fed. R. Civ. P. 15(a)(2).  Although a motion to dismiss is not a responsive pleading, *see, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007), Defendant was served on September 5, 2023, doc. 1 at 2, considerably more than twenty-one days ago.  Thus, Plaintiff's submission of the Amended Complaint without permission from the Court or Defendant's consent is improper.

The Eleventh Circuit, following a prominent treatise, has explained:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.  However, some courts have held that an untimely amended pleading served without judicial permission may be considered properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.  Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal

amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.

*Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting 6 Fed. Practice & Procedure § 1485 at 421 (1971)) (emphasis omitted).  Even where amendments are not proper as a matter of course, the Federal Rules require that courts "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the Supreme Court has explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In Nicholson's case, the path forward is simplified because, in addition to filing the Amended Complaint separately, he has also moved for leave to amend.  *See* doc. 40.  Since the Court must dispose of that Motion before the Amended Complaint is properly filed, the Clerk is **DIRECTED** to **STRIKE** the separately filed Amended Complaint.  Doc. 39.

Since the Court's prior Order requires the Court's action before a party's obligation to respond to a motion is triggered, the Court **DIRECTS** Defendant to respond to Plaintiff's Motion to Amend, doc. 40, by no later than March 19, 2024.  Any further briefing must comply with the Court's Local Rules.  *See* S.D. Ga. L. Civ. R. 7.6.  Finally, Nicholson's Motion also requests an extension of time.  *See* doc. 40 at 4.  However, that request appears to be based on his contention that the Amended Complaint addresses the defects identified in Defendant's Motion to Dismiss.  *See id.* at 10-11.  He has already responded to the Motion to Dismiss.  Docs. 18 & 27.  Beyond seeking to amend his Complaint, the Motion also provides no basis for retroactively extending the deadline to respond to the Motion to Dismiss.  *See generally* doc. 40.  Accordingly, it is **DENIED, in part**, to the extent it requests an extension of time.  Doc. 40, in part.

**SO ORDERED**, this 4th day of March, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA