# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DERRICK L. NICHOLSON,      )
                                      )
            Plaintiff,        )
                                      )
v.                              )            CV423-295
                                      )
WASTE MANAGEMENT, LLC,    )
                                      )
            Defendant.     )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, appearing *pro se*, filed his Complaint in the State Court of Chatham County, Georgia on August 29, 2023, alleging that Defendant unlawfully terminated him. *See generally* doc. 1-1. Defendant removed the action to this Court, asserting federal question jurisdiction, doc. 1 at 3, and then filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), doc. 17. Plaintiff filed a Motion for Summary Judgment which appeared responsive to Defendant's Motion to Dismiss, doc. 18, and then he filed a Response in Opposition to Defendant's Motion, doc. 27. Plaintiff then filed an Amended Complaint without seeking leave of Court. Even though he already responded to Defendant's Motion, he also filed a Motion for Extension of Time to file his Response

to Defendant's Motion, within which he sought leave to amend his Complaint and attached the Amended Complaint thereto.  *See* docs. 40, 40-1.  The Court denied Plaintiff's request for extension of time because he provided no basis for retroactively extending the deadline to respond to the Motion to Dismiss.  Doc. 42.  Additionally, Plaintiff contended that the Amended Complaint filed within that Motion addressed the defects identified in Defendant's Motion to Dismiss, *see* doc. 40 at 10-11, so the Court directed the Defendant to respond to the Motion to Amend.  The Court also directed the Clerk to strike the separately filed Amended Complaint.

The Defendant responded to Plaintiff's Motion to Amend, *see* doc. 43, arguing that the claims asserted therein failed on the merits. Plaintiff filed another Response to the Defendant's Motion, as well as a Brief in Opposition, *see* docs. 44, 45.  Plaintiff's Motion to Amend, doc. 40, and the Defendant's Motion to Dismiss, doc. 17, are both ripe for adjudication.  The Court recommends denial of the Plaintiff's Motion to Amend for the reasons addressed below, and, therefore, the Court reviews the deficiencies in his original Complaint without concern over whether the Amended Complaint renders the original Complaint—and

Motion to Dismiss that Complaint—null. *Contra Wimberly v. Broome*, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases) (Where a pending motion to amend was due to be granted, the Court could not rule on defendant's pending motion to dismiss "because the motion[s] [would] seek[ ] to dismiss a pleading that ha[d] been superseded." (internal quotation marks and citation omitted)).

## I.   Plaintiff's Complaint

Plaintiff alleges that he was hired by Defendant as a heavy equipment operator in September 2020. Doc. 1-1 at 4. He claims that after he "brought awareness of unsafe actions that he was being forced to do and other safety concerns," he was unfairly treated by his employer. *Id.* He describes instances where he was reprimanded for failures or impropriety which others engaged in frequently but were not equally punished. *Id.* He first describes being reprimanded for scavenging from the landfill, and he disputes this interpretation of the events and instead claims that a driver picked up "baby stuff" and gave the items to him prior to arriving at the dump site. *Id.* at 4-5. Plaintiff claims that even if this behavior was prohibited, the rule was routinely violated by many employees with impunity. He then details a "near miss" when a truck

slid off a slope and expresses frustration that the only solution after the would-be accident was to change the tires on the vehicle, using old tires to do so. *Id.* at 6. One of the tires later "blew up" while someone named Bill was putting air in it, and Plaintiff claims that "Billy could have been killed." *Id.*

Next, Plaintiff complains that because "they don't process the garbage like they should," compactors used by Waste Management employees frequently became stuck. *Id.* at 7. At one point a compactor became "stuck," and Plaintiff was unfairly reprimanded, even though he had not disobeyed orders. *Id.* He then complains that he was sent home after an explosion incident, the details of which are difficult to discern, but suffice to say that Plaintiff does not believe that his actions caused the explosion. *Id.* at 8. Finally, Plaintiff complains that he was unfairly reprimanded for social media use and for posting a video of himself burning a work uniform to the online video sharing platform, YouTube. *Id.* at 9. He asks the Court to review video footage which proves that a vehicle was not operational when he recorded a video leading to his termination and therefore proves he did not violate the policy. *Id.* at 10.

Plaintiff's Complaint also describes interactions with a "Michel Clark," but many of the allegations are incoherent.  *See, e.g., id.* at 5 (explaining that he saw Clark in his neighborhood in Miami, Florida, and describing an exchange between Clark, Clark's girlfriend, and Plaintiff's girlfriend involving a firearm).  He later claims that Clark repeatedly visited him at his home in Savannah, Georgia, and insinuates that Clark intimidated him.  *See, e.g., id.* at 10.  He also alleges that he called the "Integrity hotline" multiple times to report that Clark was harassing and bullying him and that he sent a letter to "Mr. Johnson" on April 22, 2021, to report the bullying and safety issues.  *Id.* at 6-9.

Plaintiff claims that when he was first sent home after the incident involving the explosion, he was promised pay based upon a 52-hour work week.  *Id.* at 8.  However, around three weeks after the Occupational Safety and Health Administration ("OSHA") contacted him regarding his complaints, Defendant cut his hours down to 40.  *Id.* at 9.  Plaintiff seeks damages "for all the pain and suffering [he] went through," the "harassment intimidation discrimination violation of the whistleblower act," and other violations.  *Id.* at 11.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To that end, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).   The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a responsive pleading," and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."   *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).

Complaints that do not permit the opposing party or the court to sufficiently discern the nature of the claims and allegations are often referred to as "shotgun pleadings." *See id.* at 1320-21

Should a plaintiff fail to comply with the federal pleading rules, the district court may dismiss the "shotgun pleading" based on its inherent authority to control its docket and ensure the prompt and efficient resolution of lawsuits. *See Weiland*, 792 F.3d at 1320. A dismissal under Rules 8(a)(2) is appropriate where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)) (internal quotation marks omitted).

Additionally, in evaluating motions under Rule 12(b)(6), the Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citation omitted). No matter the authority given for dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678-679 (explaining that "only a

complaint that states a plausible claim for relief survives a motion to dismiss"). Rather, the complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556 (citation and internal quotations omitted) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). Neither of Plaintiff's attempts to draft his Complaint comply with any of these tenets and the Court recommends that Plaintiff's case be dismissed.

## III.   Defendant's Motion to Dismiss

Defendant's Motion to Dismiss was filed on October 25, 2023. Doc. 17. Though Plaintiff has filed several responsive documents, he has failed to dispute the Defendant's assumption that his Complaint asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. 2000 *et. seq*., as well as 42 U.S.C. § 1981. Doc. 17-1 at 2. The Defendant also argues that, to the extent he articulated a claim that he was retaliated against based on his complaints to OSHA, Plaintiff's claim should be dismissed because no private right of action exists under the relevant statute. *Id*. at 16-18. Finally, Defendant argues that any claim under "Georgia State Code 45-22-7" should be dismissed because the statute is inapplicable to the

parties in this case." *Id.* at 18-19.  Despite filing several documents in opposition to the Motion, Plaintiff has not substantively responded to these arguments but instead seeks to amend his Complaint to assert distinct claims.

  A. *Plaintiff's Title VII Discrimination, Harassment, and Retaliation Claim*

Plaintiff's "discrimination" claim is clearly insufficient.  Plaintiff provides no facts supporting a discrimination claim but merely mentions the word "discrimination" in the concluding paragraph of his Complaint. *See* doc. 1-1 at 11.  A Title VII discrimination claim requires, among other elements, that the plaintiff allege that he was a member of a "protected class." *See, e.g., Phillips v. Legacy Cabinets*, 87 F.4th 1313, 1321-22 (11th Cir. 2023).  As Defendant rightly argued, Plaintiff's Complaint is "wholly devoid of any mention, identification, or reference to any protected characteristic protected by Title VII."  Doc. 17-1 at 13.  Therefore, to the extent it is even asserted, Nicholson's Title VII discrimination claim should be **DISMISSED.**

Plaintiff appears instead to assert facts implicating a Title VII retaliation claim. Under Title VII of the Civil Rights Act, an employer may not retaliate against an employee because he has opposed any

practice made unlawful under Title VII or because he has made a charge or participated in a proceeding thereunder. 42 U.S.C. § 2000e-3(a). "In order to prove retaliation under Title VII, a 'plaintiff must show that (1) []he engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities.'" *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Little v. United Technologies, Carrier Transicold Div.,* 103 F.3d 956, 959 (11th Cir. 1997)). However, prior to filing any Title VII action, a plaintiff first must file a charge of discrimination with the EEOC. *Id.* (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970)). Defendant argues that Plaintiff has not exhausted his administrative remedies, *see* doc. 17-1 at 11-12, and indeed, Plaintiff does not claim that he has. His response disputes the Defendant's presumed arguments in defense regarding legitimate, nondiscriminatory reasons for termination but offers no rebuttal to the exhaustion defense. *See* doc. 27 at 3. Therefore, Plaintiff's remaining retaliation and harassment claims under Title VII should be **DISMISSED**.

### B. Plaintiff's 42 U.S.C. § 1981 Claim

The first page of Plaintiff's Complaint contains in the heading a reference to 42 U.S.C. § 1981. *See* doc. 1-1 at 4. As with his Title VII discrimination claim, Plaintiff never provides further detail as to facts supporting the elements of discrimination and his allegations support a vague retaliation claim instead. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008) (recognizing that "§1981 encompasses retaliation claims"); *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) ("Retaliation claims are also cognizable under 42 U.S.C. § 1981 and are analyzed under the same framework as Title VII claims.") Defendant's argument for dismissal is focused exclusively on the failure of the discrimination claim, *see* doc. 17-1 at 14-16. However, even though Plaintiff's pleading is inartful, it is clear to the Court from both Plaintiff's Complaint and his Response to the Motion to Dismiss, doc. 27, that Plaintiff seeks to allege a retaliation claim. For example, in his second Response, Plaintiff argues that "defendants must prove they would have taken the same adverse action absent the Plaintiff engaging in protective conduct." Doc. 27 at 3. And, unlike the Title VII allegations, Defendant is not shielded by Plaintiff's failure to exhaust his

administrative remedies on this claim.   There are no administrative prerequisites to the maintenance of a § 1981 claim.  *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 460 (1975).

However, Defendant's failure to address the retaliation claim does not mandate that Plaintiff's claim succeeds.  Plaintiff's claim is mostly incoherent and therefore, any Defendant's omission of a substantive discussion of any such claim is excusable because Plaintiff's claim is both legally frivolous and fails to meet the standards required under Federal Rule of Civil Procedure 8.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Furthermore, although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions.  *Iqbal*, 556 U.S. 662 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Plaintiff here has made a legal conclusion requiring an intellectual leap the Court cannot make on his behalf.

Section 1981 provides protection to those who are discriminated against on the basis of race.  See 42 U.S.C. § 1981 ("All persons within

the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."). "To state a claim under § 1981, therefore, a plaintiff must prove a deprivation of one of the enumerated rights which, under similar circumstances, would have been accorded to a person of a different race, and also that such deprivation was intentional and motivated by *racial* prejudice." *Solomon v. Waffle House, Inc.,* 365 F.Supp.2d 1312, 1321 (N.D. Ga. 2004) (emphasis added). Thus, for example, a § 1981 claim based on discrimination in the ability to make and enforce contracts requires a showing of (1) failure to perform a contractual obligation which (2) was a result of an intention to discriminate racially. *See General Blg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391 (1982). A retaliation claim under § 1981 requires that the plaintiff "oppose[ed] an employment practice based on a good faith, reasonable belief that the practice violates . . . Section 1981," *see, e.g., Locascio v. BBDO Atlanta, Inc.*, 56 F. Supp. 3d 1256, 1364 (N.D. Ga. 2014) (citing, *inter alia, Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 898 (11th Cir. 2011)). That is, a plaintiff must allege that he opposed some *race-based* unlawful employment practice. To the extent his allegations may be discerned,

Plaintiff alleges that he made reports to OSHA regarding safety in his workplace, and he was punished for doing so.  He makes no outright claim regarding his race.

Even accepting as true that Defendant fired Plaintiff in retaliation for his OSHA complaints, and then betrayed their offer to pay him what was promised because of their anger over the OSHA reporting, there is no indication that Defendant violated any aspect of § 1981 by doing so. Accordingly, even under the liberal standard under which *pro se* complaints are interpreted, the allegations in Plaintiff's Complaint are conclusory, speculative, unspecific, and fall short of the standard for alleging a plausible claim for relief.  The Court is "not required to draw plaintiff's inference" here.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260–61 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, (2012) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)).  Therefore, despite the Defendant's failure to specifically challenge Plaintiff's retaliation claim, the Plaintiff has simply failed to plead facts which state such a claim under § 1981 because he has made no reference to race-based protected conduct.  Instead, he is clearly attempting to create a

private action under OSHA and then bootstrap that claim into a Section 1981 claim.  This is facially invalid and therefore, this claim should be **DISMISSED**.

> ### C. OSHA Retaliation

Plaintiff's most straightforward claim is that he was retaliated against for having made workplace safety complaints to OSHA. Defendant interprets this allegation as falling under Section 11(c) of the Occupational Safety and Health Act, and Plaintiff never disputes this characterization of his claim. *See, e.g.,* doc. 17-1 at 16-17.  The Court will assume the same.   Section 11(c) indeed prohibits employers from discharging or discriminating against employees after an employee files a complaint with OSHA. *See* 29 U.S.C. § 660(c)(1).  However, the section provides that, "within thirty days after such violation occurs," a person may "file a complaint with the Secretary [of of Labor] alleging such discrimination" to seek relief.  29 U.S.C.A. § 660(c)(2); *see also* 29 U.S.C. § 652(1).  In other words, there is no private right of action under federal law for a private employer's retaliatory discharge under OSHA. *George v. Aztec Rental Ctr. Inc.,* 763 F.2d 184, 186 (5th Cir. 1985); *Jeter v. St.*

*Regis Paper Co.,* 507 F.2d 973, 976 (5th Cir. 1975);[1] *Smith v. City of Conyers, GA*, 2007 WL 313467, at *6 (N.D. Ga. Jan. 30, 2007). Instead, the Act permits the Secretary of Labor to file a case in district court if, upon investigation, the Secretary determines that 29 U.S.C. § 660(c) has been violated. 29 U.S.C. § 660(c)(2).[2] Reporting the alleged retaliation to the Secretary was Plaintiff's only recourse and he may not pursue a claim for retaliation under OSHA on his own behalf in federal court. Therefore, Plaintiff's claims under OSHA should be **DISMISSED**.

### D. Material Safety Data Sheet

Plaintiff makes reference to "statute 45-22-7," stating that Defendant violated the "whistleblower act for not hav[ing] a material data safety sheet." Doc. 1-1 at 11. To the extent this one sentence attempts to state a separate claim, it fails under Rule 8's mandate alone. Fed. R. Civ. P. 8(a)(2); *see Iqbal*, 556 U.S. at 678 (A complaint will not

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Defendant submitted an OSHA closing letter addressed to Plaintiff which informed him that the Secretary already conducted its investigation and found no retaliation. *See* doc. 17-3. Regardless of whether the document is (1) central to Plaintiff's claim, or (2) unchallenged in authenticity, *see* doc. 17-1 at18, the Court need not consider the extrinsic evidence submitted to find that Plaintiff may not pursue this claim in this Court.

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.") (quoting *Twombly*, 550 U.S. at 557).    However, Defendant argues that it fails on the merits as well.  Doc. 17-1 at 18-20. It notes that the provision cited by Plaintiff originates in the Public Employee Hazardous Chemical Protection Right to Know Law.  *Id.* at 18. However, Defendant argues that the statute is inapplicable because Defendant is not a public employer who is covered under the statute.  *Id.* at 19.  It also argues that Plaintiff, who was an employee of a private company, likewise would not be covered by the statute.  *Id.*   The Defendant urges the Court to take judicial notice of factual information contained on the Texas Secretary of State's website proving the same. *Id.*

The Court need not rule on that statute's coverage or consider evidence in support of Defendant's status as a private company to determine that Plaintiff's claims fail on Rule 8 grounds.  Furthermore, because Plaintiff does not dispute the fact that the statute he attempts

to rely upon does not apply, the Court recommends dismissal of this claim to the extent it was even articulated.

Since all of the claims asserted in Plaintiff's Complaint fail, Defendant's Motion to Dismiss should be **GRANTED**.  Doc. 17.  To the extent that Defendant's Motion fails to present any substantive grounds for dismissal of Plaintiff's § 1981 retaliation claim, that claim should be **DISMISSED** as frivolous.

## IV.   Plaintiff's Amended Complaint

More than 21 days passed from the time Defendant filed its responsive pleading, doc. 17, to the time when Plaintiff filed his Motion to Amend his Complaint, doc. 40.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff must therefore proceed under Rule 15(a)(2), which dictates that courts should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts consider several factors when making this determination, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . ., undue prejudice to the opposing party . . ., [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014).   Upon review of the Amended

Complaint, it appears that Plaintiff seeks to altogether change his action to plead state-law claims. *See generally* doc. 40-1. Plaintiff's Amended Complaint does not meet Rule 8's pleading standards and therefore, his Motion to Amend should be denied. *Foman*, 371 U.S. at 182.

### A. Breach of Contract

Plaintiff's Amended Complaint claims that Defendant "canceled his contract of employment because they stated he violated Waste Management social media policy and life critical safety rules." Doc. 40-1 at 1. He states, "the plaintiff never broke his part of the contract by violating any safety rules or social media rules," a statement which appears to implicate Defendant instead of himself. *Id.* at 2. Plaintiff provides no further support for his breach of contract claim but instead focuses the Defendant's purported reasons for his termination. *See id.* (¶ 10). Once again, Plaintiff's allegations in his Amended Complaint fail to meet the Rule 8 standard because they simply mention the words "breach of contract" and provide no factual allegations in support of such a claim. *See Iqbal*, 556 U.S. at 678.

Nevertheless, Defendant argues in its Response in opposition to Plaintiff's Motion for Leave to File an Amended Complaint, doc. 43, that

Plaintiff's Complaint fails substantively.  Defendant argues, "Plaintiff does not plead the existence of an employment contract between himself and Defendant regarding a specific length of an employment term and therefore fails to establish the existence of an employment contract." *Id.* at 11.  Indeed, Plaintiff appears to assert that accusing him of violating safety rules such as the social media policy constitutes a breach of contract, but he does not argue that the terms of his employment were set by contract.  *See Lynch v. Valcom Driver Leasing, Inc.*, 2007 WL 9702866, at *2 (N.D. Ga. 2007) ("Without a controlling contract, permanent employment, employment for life, or employment until retirement is employment for an indefinite period, terminable at the will of either party.") (citing *Cannon v. Geneva Wheel & Stamping Corp.*, 322 S.E.2d 69, 70 (Ga. Ct. App. 1983)).

Georgia is an "at-will" employment state.  *Balmer v. Elan Corp.*, 599 S.E.2d 158, 160 (Ga. 2004).  "An employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination."  *Tricoli v. Watts*, 783 S.E.2d 475, 477 (Ga. Ct. App. 2016) (citing *Burton v. John Thurmond Constr. Co.,* 410 S.E.2d 137 (Ga. Ct.

App. 1991)).  Additionally, "employment relationships supported by no consideration other than the performance of duties and the payment of wages are terminable at will by either the employer or the employee, absent a controlling agreement specifying the terms of such employment." *Balmer*, 599 S.E. 2d at 160 (citing OCGA § 34–7–1 ("[a]n indefinite hiring may be terminated at will by either party")) (citations omitted).  "Under the at-will employment doctrine, the employer, with or without cause and regardless of its motives may discharge the employee without liability." *Id.* at 160-161 (alterations and internal quotation marks omitted)(quoting *Jellico v. Effingham County,* 471 S.E.2d 36 (Ga. Ct. App. 1996)).

"Generally speaking, the policies and information in personnel or employee manuals neither create a contract, nor support a claim for breach of contract." *O'Connor v. Fulton Cnty.*, 805 S.E.2d 56, 58 (Ga. 2017) (internal citations omitted).  Exceptions exist, particularly relating to additional compensation plans, *see id.*, or benefits, *see Fulton–DeKalb Hosp. Auth. v. Metzger*, 417 S.E.2d 163 (Ga. Ct. App.  1992) (disability benefits), but Plaintiff has articulated no facts which implicate these exceptions.  *See also, e.g.*, *Shannon v. Huntley's Jiffy Stores*, 329 S.E.2d

208 (Ga. Ct. App. 1985) (vacation pay); *Fletcher v. Amax, Inc.*, 288 S.E.2d 49 (Ga. Ct. App. 1981) (severance pay). Therefore, Defendant's social media policy does not appear to constitute an employment contract which could have been broken. *Poole v. In Home Health, LLC*, 742 S.E.2d 492, 494 (Ga. Ct. App. 2013) ("[Defendant's] employment offer to [plaintiff] did not specify a length of employment. Consequently, the employment contract was terminable at the will of either party."); *Edwards v. Cent. Ga. HHS, Inc.*, 558 S.E.2d 815, 817 (Ga. Ct. App. 2002) ("An employment contract containing no definite term of employment is terminable at the will of either party."). It follows that Defendant's allegedly baseless accusation that Plaintiff violated the policy cannot constitute a breach of contract. Plaintiff's breach of contract claim fails to state a claim and could not be resuscitated given his failure to identify any employment contract, as defined by Georgia law, and his uncontroverted status as an at-will employee. Therefore, amendment would be futile on this claim.

### B. Libel

Plaintiff argues that he has "special evidence to prove that he never violated any social media policy or life critical safety rule while working for Waste Management." Doc. 40-1 at 1. He argues that Defendant's

accusation that he did violate the policy constitutes an attempt to "defame [his] name and cause [him] to lose [his] job for lying." *Id.* at 2. Plaintiff's amendment is due to be denied on this claim because it fails to meet Rule 8's requirements and does not plead any facts which would support a libel claim. Additionally, as Defendant rightly notes, a claim of defamation, including libel and slander, in Georgia has a one-year statute of limitations. *See* doc. 42 at 12-13; O.C.G.A. § 9-3-33; *N. Atlanta Golf Operations, LLC v. Ward*, 870 S.E.2d 814, 821 (Ga. Ct. App. 2022) ("A libel is published as soon as it is communicated to any person other than the party libeled.") (quoting OCGA § 51-5-3)).

While Plaintiff's Amended Complaint references "September 28th 2001," doc. 40-1 at 1, it is clear from the context and the additional items filed on the docket that the year he intends to reference was 2021. *See e.g., id.* at 2 (referencing September 28, 2021); *see also* doc. 27 at 2 (claiming that after receiving notice from OSHA on September 2, 2021, Defendant cut his hours). Plaintiff filed this case on October 4, 2023, and he attempted to amend his Complaint to add this claim even later by serving it on February 27, 2024, *see* doc. 40-1 at 4. Therefore, his libel claim is well outside the statute of limitations. No amendment may

correct this deficiency.  Because amendment would be futile as to both claims contained within the proposed Amended Complaint, the Court recommends that Plaintiff's Motion to Amend be **DENIED**.[3]  Doc. 40.

In summary, Plaintiff's Motion to Amend should be **DENIED**.  Doc. 40.  Consequently, Plaintiff's original Complaint remains the operative pleading.  Defendant's Motion to Dismiss the original Complaint should be **GRANTED**.  Doc. 17.  Since the original Complaint asserts no viable claims, it should be **DISMISSED** in its entirety, doc. 1-1 at 4-33, and this case should be **CLOSED**.  This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the

---

[3] The Eleventh Circuit, in unpublished decisions, has indicated that motions to amend are nondispositive motions which a magistrate judge has the authority to resolve.  *See Palmore v. Hicks*, 383 F. App'x 897, 900 (11th Cir. 2010) ("Because a magistrate's disposition of a motion to amend constitutes a nondispositive pretrial ruling, [Plaintiff] was required to object to the magistrate's denial of his motion to amend to preserve this argument for appeal."); *Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint." (citing 28 U.S.C. § 636(b)(1)(A))); *Clemons v. Delta Air Lines Inc.*, 625 F. App'x 941, 943 (11th Cir. 2015) (finding party waived right to appeal magistrate judge's ruling on a motion to amend by failing to object pursuant to Federal Rule of Civil Procedure 72(a), since it was a nondispositive pretrial motion).  Nevertheless, out of an abundance of caution, the undersigned submits this recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) considering the impact of the recommended disposition on Plaintiffs' case.

Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 31st day of July, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA