IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DERRICK L. NICHOLSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-295 |
| v. | |
| WASTE MANAGEMENT, LLC, | |
| Defendant. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's July 31, 2024, Report and Recommendation, (doc. 47), to which Petitioner has objected, (docs. 48, 49). Defendant filed a Response, (doc. 50), in support of the Magistrate Judge's recommendation. For the reasons explained below, Nicholson's Objections are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 47). See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Defendant's Motion to Dismiss, (doc. 17), is **GRANTED** and Nicholson's Motion to Amend, (doc. 40), is **DENIED**.

As the Magistrate Judge summarized, Nicholson, a *pro se* Plaintiff, alleged that he was retaliated against by his Defendant-employer after he reported safety issues to the Occupational Safety and Health Administration ("OSHA"). (See, e.g., doc. 47, pp. 3-5.) Defendant filed the present Motion to Dismiss, characterizing Nicholson's vague allegations as claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq., 42 U.S.C. § 1981, Section 11(c) of the Occupational Safety and Health Act, and allegations arising under "Georgia State Code 45- 22-7."

(Doc. 17.)  Plaintiff responded to Defendant's Motion to Dismiss and filed a Motion to Amend. (See docs. 18, 27; see also doc. 40.)  His attached proposed Amended Complaint, (doc. 40-1), attempted to bring separate claims of breach of contract and libel.  The Magistrate Judge recommended denying Nicholson's Motion to Amend and noted that the amendment's allegations could not be resuscitated via further amendment.  (Doc. 47, p. 22.)  His breach of contract claim failed to allege that there was any enforceable contract, and his libel claim was due to be denied because it did not meet Federal Rule of Civil Procedure 8's requirements, and because it failed to plead any facts which would support a libel claim.  (Id., pp. 22-24.)  Additionally, Nicholson's libel claim was filed after the statute of limitations had run.  (See id., p. 23 (citing O.C.G.A. § 9-3-33.)  Therefore, the Magistrate Judge recommended that the Motion to Amend be denied. (Doc. 47, p. 24.)

As to the Motion to Dismiss, (doc. 17), because Nicholson did not dispute Defendant's characterization of his claims, the Magistrate Judge construed Nicholson's allegations in the same manner as Defendant.  The Magistrate Judge recommended dismissing Nicholson's Title VII claim because, as argued by Defendant, he failed to exhaust it.  (Doc. 47, pp. 9-10.)  The Magistrate Judge next recommended that Nicholson's 42 U.S.C. § 1981 claim be dismissed because he failed to allege any basis for § 1981's coverage, and because OSHA does not create a private right of action, the Magistrate Judge agreed with Defendant and recommended that Nicholson's OSHA claim be dismissed.  (Id., pp. 11-16.)  The Magistrate Judge noted that Nicholson's ambiguous claim under Georgia "statute 45-22-7," to the extent alleged, did not meet pleadings standards and should be dismissed for that reason, but also found that it failed on the

merits. (Id., p. 16-18 (citing Fed. Rule of Civ. P. 8).) Accordingly, the Magistrate Judge recommended that Defendant's Motion to Dismiss, (doc. 17), be granted.

Nicholson filed two objections. (Docs. 48, 49.) The first one, (doc. 48), appears to object to the Magistrate Judge's Recommendation, while the second one, (doc. 49), seeks to further pursue the claims asserted in Nicholson's Amended Complaint. First, Nicholson's Objection to the Magistrate Judge's recommendation that his amendment be denied, (doc. 48), seeks to toll the statute of limitations for the time in which Nicholson was incarcerated. As the Magistrate Judge acknowledged, under Georgia law, the statute of limitations for a libel claim is one year. (Doc. 47, p. 23 (citing O.C.G.A. § 9-3-33; N. Atlanta Golf Operations, LLC v. Ward, 870 S.E.2d 814, 821 (Ga. Ct. App. 2022) ("A libel is published as soon as it is communicated to any person other than the party libeled.") (quoting OCGA § 51-5-3)).) Furthermore, because Nicholson filed his Complaint more than one year after the allegedly libelous incident, he is barred by that statute of limitations unless tolling applies. Generally, tolling rules are provided by state law. See, e.g., Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008). Georgia's tolling statute was amended in 1984 to exclude "persons imprisoned" from its provisions. Accordingly, Georgia law no longer recognizes incarceration as a ground for tolling the statute of limitations. See O.C.G.A. § 9-3-90-99 (identifying circumstances tolling the statute of limitations, but not including pending collateral litigation); see also, e.g., Kelsey v. Bibb Cnty. Bd. Of Cnty. Comm'rs, No. 5:14-CV-82(LJA), 2015 WL 5302709, at *4 (M.D. Ga. Sept. 10, 2015) ("It is well-settled that Georgia law does not permit tolling of the limitations period based on a litigant's incarceration status." (internal

quotation marks and citations omitted)). Accordingly, Nicholson's argument that the statute of limitations be tolled is unsupported.

Even construing Nicholson's Objection as an argument for the application of equitable tolling, which allows for a statute of limitations to be tolled when the untimely filing is due to "extraordinary circumstances that are both beyond [plaintiff's] control and unavoidable with diligence," the Court finds Nicholson's Objection meritless. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is "an extraordinary remedy which should be extended only sparingly." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted). Nicholson did not point to any extraordinary impediment preventing his ability to file this Complaint before the statute of limitations expired. Many litigants file claims from prison every day. Therefore, his libel claim is time barred. Cf. Moton v. Skanska USA Civil Se., Inc., No. 3:20cv5950/MCR/EMT, 2022 WL 585347, at *3 (N.D. Fla. Jan. 11, 2022) ("Courts have expressly found . . . that incarceration alone does not provide a sufficient basis for equitable tolling," and collecting cases).

Plaintiff includes some argument in his other Objection, (doc. 47), regarding his other proposed amended claim of breach of contract. The Magistrate Judge recommended that Nicholson be denied leave to amend to add a breach of contract claim because Nicholson failed to establish that a contract of employment existed. (Doc. 47, pp. 19-24.) Nicholson originally asserted that his breach of contract claim originated from a "cancel[lation]" of his "contract of employment because [Defendant] stated [Nicholson] violated Waste Management social media policy and life critical safety rules." (Doc. 40-1, p. 1.) However, in his Objection, it appears he instead believes that Defendant's failure to pay him for time spent on leave constitutes a breach of contract. (Doc. 48, p. 3) He argues that "a contract is a promise to do something in order for

4

someone to do something else." (Id.)  He claims that the letter he submitted proves the existence of such a contract. (See doc. 1-1, p. 27.)

Where a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Beyond his conclusory assertions, Nicholson has failed to support his claim that the letter constituted a binding contract, or anything more than an offer for that matter, and he failed to provide the Court with specific instances of Defendant's failure to pay specific promised amounts due. H&R Block E. Enterprises, Inc. v. Morris, 606 F.3d 1285, 1294 (11th Cir. 2010) ("Employment contracts are enforceable under Georgia law only if they include '[t]he nature and character of the services to be performed, the place of employment[,] and the amount of compensation to be paid.'" (quoting Farr v. Barnes Freight Lines, Inc., 101 S.E. 2d 906, 907 (Ga. Ct. App. 1958)).  Instead, he revisits his convoluted assertion that Defendant accused him of breach of contract—an allegation which he seeks to controvert in filing this suit.  (See doc. 48, pp. 3-4 ("If waste management is saying I broke their agreement which is their contract . . .I should have the right to prove that I did not break that rule meaning I did not break the contract . . .").)   Additionally, in his Objection, he admitted that he was paid amounts which appear obviously contemplated by the letter he references.  (See doc. 1-1, p. 27 ("Waste Management is giving you paid time off work so that you can get things in order as outlined in your letters and to continue our investigation . . . ."); see also doc. 48, p. 1 ("I sat home an [sic] was paid 52 hours a week plus overtime for 3 weeks that I did not . . . They paid me to stay out [sic] the way so they didn't have to report that Chemical explosion.").) Therefore, the Court, in its discretion, declines to consider his apparently new argument that Defendant's letter to him regarding paid leave constituted a contract which was breached by

5

nonpayment. As to his original argument, that he was falsely accused of breach of contract which therefore resulted in Defendant's own breach of contract, Nicholson has failed to identify any employment contract, as defined by Georgia law, and he has failed to controvert his status as an at-will employee. Therefore, given his status as an at-will employee, his employer was permitted to discharge him for any reason whatsoever, "without acquiring a cause of action for wrongful termination." H&R Block Eastern Enterprises, Inc., 606 F.3d at 1294 (quoting Nida v. Echols, 31 F.Supp.2d 1358, 1376 (N.D. Ga. 1998) (citing O.C.G.A. § 34–7–1). His Motion to Amend, (doc. 40) is consequently **DENIED**.

It is clear from the filings that Nicholson does not seek to abandon his originally asserted claims in pursuit of his Amended Complaint. Moreover, since the Motion to Amend is denied, the Court properly considers Defendant's pending Motion to Dismiss his original Complaint. Wimberly v. Broome, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases) (Where a pending motion to amend was due to be granted, the Court could not rule on defendant's pending motion to dismiss "because the motion[s] [would] seek[ ] to dismiss a pleading that ha[d] been superseded." (internal quotation marks and citation omitted)). In his first Objection, (doc. 48), instead of refuting the Magistrate Judge's findings, Nicholson recounts his allegations. (Doc. 48, pp. 1-4.) He complains that he reported unsafe conditions to his supervisor and then to OSHA. (Id., pp. 1-2.) He complains that he was placed on paid leave after he reported his claim to OSHA, that his pay was cut, and that a supervisor confronted him at his home. (Id., p. 2.) He reports that he "went to the courts for an order of protection" against the individual, and that he reported it to his employer, but the court dismissed his request and Defendant gave him no response. (Id.) He then claims he was then terminated by Defendant for baseless reasons. He admits that he never followed up on his Equal Employment Opportunity

claim but argues exhaustion should be excused because of his "mental issues" and difficulties being a single father. (Id.)  He then complains that he was arrested for false reasons, was denied bond, and "sat in jail for over 13 months." (Id.)  After his release, he alleges Defendant continued to wrong him in a manner that is facially unclear, but it appears to revolve around some social media post. (Id., p. 3)  He again reiterates his contention that he did not breach his contract with Defendant, and he requests the Court require Defendant to prove he did. (Id., p. 4.)

While the Court is sympathetic to Nicholson's plight, he has not stated any legal basis which overcomes the Defendant's Motion to Dismiss and has not asserted any actual objection to the Magistrate Judge's recommendation. He merely repeats the same assertions he initially brought, and for the reasons explained by the Magistrate Judge, those assertions fail to state claims. The Court thus **ADOPTS** the Magistrate Judge's Recommendation. (Doc. 40.)  Defendant's Motion to Dismiss is **GRANTED**, (doc. 17), and Nicholson's Motion to Amend is **DENIED**, (doc. 40).  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 27th day of August, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA